Submitted on briefs September 25, affirmed December 18, 1928.

## NELL BROWN *v.* ELSA O'FLYNN.

(272 Pac. 673.)

For appellant there was a brief over the name of *Mr. E. L. McDougal.*

For respondent there was a brief over the name of *Mr. B. A. Green.*

COSHOW, J■■■ During the cross-examination of the driver of defendant's car it developed that two other young ladies were in the seat with her. Attorney for plaintiff was of the impression that it was a violation of law to permit more than two persons to ride in the front seat. On that account when the taking of testimony was finished he asked permission to amend his complaint to conform to the evidence in that regard. This amendment was granted over the objection of defendant. Later as the judge was instructing the jury, his attention having been called to his omission to instruct on that matter, he discovered that the law permits three persons to ride in the front seat. Thereupon attorney for plaintiff withdrew that charge of negligence. We think no prejudice was done defendant. If prejudice resulted from the conduct of attorney for plaintiff and the court in that regard, it was not injurious to the defendant. We think the error assigned on that account is trivial.

■ The other assignment of error is the exception to the following instruction and the refusal to give an instruction bearing on the same matter requested by the defendant.

"There is another principle of law which you must entertain, and that is this: That the negligence, if established, in order to entitle recovery must be the proximate cause of the injury; that is the cause which brought about the injury, and without the interven-

tion of any other cause brought about the results. That is the proximate cause. The defendant may have been negligent, but if the negligence was not the proximate cause of the accident and resulting injury, no recovery could be had."

The instruction requested by defendant is as follows:

"The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred."

It must be conceded that the definition of proximate cause contained in the requested instruction is better than the definition given by the court, that is, it is more complete and comprehensive. It does not follow, however, that it was reversible error to give the instruction the learned court did and refuse to give a better definition. The instruction given by the court clearly defines proximate cause as applied to the case before the jury. There were no complications in the evidence, pleadings or surroundings. The collision was about as simple as such a thing can be and the definition of proximate cause given by the learned court was very appropriate to the case. The jury could not have been misinformed or misled.

The judgment is affirmed.                    AFFIRMED.